## IN THE DISTRICT COURT OF TULSA COUNTY
## STATE OF OKLAHOMA

MAURICIO SANCHEZ, Plaintiff

v.

S&H TRANSPORTATION INC., a/k/a and/or d/b/a S&H TRANSPORTATION a/k/a and/or d/b/a S&H a/k/a and/or d/b/a S&H TRANSPORT a/k/a and/or d/b/a S and H TRANSPORTATION INC. a for profit business entity, DENNIS D. WOOD a/k/a DENNIS WOOD, JOHN DOE, a business entity, and JANE DOE, an individual, Defendants

Case No. CJ-2020- 

The Honorable William D. LaFortune

DISTRICT COURT FILED

JUL - 6 2020

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

### PETITION

1. The image below is a true and correct image of the Plaintiff's vehicle after this wreck.



2. Plaintiff was at all material times a resident of Tulsa County, Oklahoma.
3. S&H TRANSPORTATION INC., a/k/a and/or d/b/a S&H TRANSPORTATION a/k/a and/or d/b/a S&H a/k/a and/or d/b/a S&H TRANSPORT a/k/a and/or d/b/a S and H TRANSPORTATION INC. a for profit business entity, (Hereinafter "S&H Transportation") was at all material times upon information and belief a business operating out of St. Peters Missouri and engaging in regular commerce and/or business in the State of Oklahoma.

1



EXHIBIT 1

4. Defendant DENNIS D. WOOD a/k/a DENNIS WOOD (Hereinafter "Wood") was at all material times upon information and belief a resident of Spring Hill, Kansas.[1]
5. This motor vehicle collision occurred in Tulsa County, OK on about 01/06/2019.
6. Defendant was driving a Kenworth Model M900 semi-truck at the time of this collision.
7. Defendant's semi-truck went approximately 850 yards after the collision before coming to a stop.
8. Defendants caused a collision.
9. The collision totaled Plaintiff's vehicle.
10. Plaintiff reported injury at the scene.
11. The collision occurred at about U.S. 169 and East 126 Street North.
12. The truck Defendant was driving was a commercial and/or fleet semi-truck.
13. The Defendant's semi-truck license plate number is 150578.
14. Defendant S&H Transportation's U.S. DOT Number is 169578.
15. Defendant S&H Transportation has about 227 drivers.
16. Defendant S&H Transportation drives about 18 million miles a year.
17. The estimated mileage per unit per year is about 111,175.
18. Defendant S&H Transportation drives interstate.
19. Defendant S&H Transportation has about 173 power units.
20. Defendant S&H Transportation has been involved in about 24 crashes within the past 24 months as reported to Federal Motor Carrier Safety Administration.
21. Plaintiff was properly driving.
22. Defendant Wood was driving too fast for conditions.
23. Defendant Wood chose to drive at an unsafe speed for traffic conditions.
24. The front of Wood's truck collided into the rear of Plaintiff's vehicle.
25. Plaintiff's brake lights worked properly before this collision.
26. Plaintiff was driving properly Defendant's truck hit Plaintiff's vehicle.
27. A tow truck towed away Defendant's truck from the scene.
28. A tow truck towed away Plaintiff's vehicle from the scene.
29. The collision directly caused injury to Plaintiff.
30. At the time of the collision Defendant Wood was working for and/or within the scope of employment for Defendant S&H Transportation and/or Doe(s).
31. The truck Defendant Wood was driving at the time of the collision was owned, maintained, repaired, and/or controlled by Defendant S&H Transportation and/or Doe(s).
32. Defendant S&H Transportation and/or Doe(s) had the responsibility to properly repair, maintain, manage, supervise, and/or oversee the truck Defendant Wood was driving at the date and time of this collision.
33. This Court has jurisdiction over this matter.
34. The Owasso Police Department (OPD) responded to the collision scene.
35. The OPD issued Defendant Wood citation number 128181.

---

[1] Defendant John Doe, a business entity, is a business whose identity is unknown now, but may be revealed through the course of discovery. Defendant John Doe is an entity that transacts business/engages in commerce on a regular basis in Oklahoma, and the claims alleged here arise out of the Defendant's actions and/or inactions in Oklahoma. Defendant Jane Doe, an individual, is a person residing in Okla. whose identity is unknown at this time but may be revealed through the course of discovery.

36. Defendant Wood violated Owasso Traffic Code 15-528.
37. A driver shall devote his or her full time and attention to driving.
38. Defendant Wood chose to not operate the truck while devoting full time and attention to driving.
39. Defendant Wood chose to not yield.
40. The collision damaged Plaintiff's vehicle.
41. The road was level and straight.
42. The collision occurred on the roadway and/or highway.
43. Defendant Wood was the unsafe cause of this collision.
44. Defendant Wood was the unlawful cause of this collision.
45. Defendant Wood drove unsafely.
46. A driver must obey a traffic rules and/or laws.
47. A driver shall drive with reasonable care.
48. A driver shall have due regard for traffic, surface and width of the road and other conditions then existing on the road.
49. Defendant Wood directly caused injuries and damages to Plaintiff.
50. Plaintiff made no improper action.
51. Defendants' improper actions and/or omissions directly caused this collision.
52. Defendant Wood failed to yield.
53. Plaintiff's vehicle had the right of way at the time of the collision.
54. Defendant Wood did not yield to Plaintiff's right of way at the date and time of this collision.
55. Defendant Wood did not pay attention.
56. Defendant Wood had the responsibility to drive as a reasonably prudent driver on the date and time of this collision.
57. Defendant Wood had the responsibility to follow the rules of the road.
58. Defendant Wood violated the rules of the road.
59. Defendant Wood drove recklessly.
60. Defendants were negligent.
61. Defendant Wood drove carelessly.
62. Defendants breached their duties owed to Plaintiff.
63. Defendants violated their responsibilities.
64. To date Defendants have not paid compensation, money, or anything similar to Plaintiff.
65. Defendants chose to violate the law.
66. A vehicle owner must allow only qualified drivers access to and/or permission to drive their vehicle.
67. A vehicle owner must only allow competent, trained, educated, supervised, and/or attentive drivers access to and/or permission to drive their vehicle.
68. According to the National Safety Council there are approximately 12 million collisions annually in the United States.
69. Approximately 3 million collisions annually in the U.S. involve injuries.
70. This equates to about one collision causing injury every eleven seconds.
71. Defendants should pay full compensation to Plaintiff.
72. On the date and time of the collision, Defendant Wood was working for S&H Transportation and/or Doe(s).

73. On the date and time of the collision, Defendant Wood was on the clock for S&H Transportation and/or Doe(s).
74. On the date and time of the collision, Defendant Wood was an employee, servant, and/or agent for S&H Transportation and/or Doe(s).
75. On the date and time of the collision, Defendant Wood was acting in the course and scope of employment and/or with permission for Defendant S&H Transportation and/or Doe(s).
76. Defendant S&H Transportation and/or Doe(s) is/are liable for any improper action and/or omission done by Defendant Wood during the operation of the truck.
77. On the date and time of the collision Defendant Wood was an authorized driver of Defendant S&H Transportation and/or Doe(s).
78. Defendant S&H Transportation and/or Doe(s) negligently, recklessly, and/or improperly hired, retained, supervised, educated, entrusted, and/or trained etc. Defendant Wood.
79. Defendant Wood was in a joint venture and/or in a dual capacity with Defendant S&H Transportation and/or Doe(s) at the time of the collision.
80. Defendant S&H Transportation and/or Doe(s) is/are liable for negligence, recklessness, and/or carelessness directly and for the actions and/or omissions of its employee and/or agent Defendant Wood.
81. A business must educate its drivers to drive safely.
82. A business must train its drivers to drive safely.
83. A business must train its drivers.
84. A business must hire competent, safe, and attentive drivers.
85. A business must supervise its employees, servants and/or agents to prevent dangerous behavior and protect us all.
86. Defendant S&H Transportation and/or Doe(s) is/are per Oklahoma law, including but not limited to 47 O.S. Sec. 230.30, liable for the actions and/or omissions of its drivers including but not limited to Defendant Wood.
87. Defendants S&H Transportation and/or Doe(s) is/are vicariously liable and/or responsible for the actions and/or inactions of Defendant Wood.
88. Defendant S&H Transportation and/or Doe(s) and their employees and/or agents had the responsibility to follow the safety rules on the date and time of this collision.
89. Defendant S&H Transportation and/or Doe(s) violated Defendant(s) responsibilities on the date and time of the collision.
90. Defendant Wood while driving the truck improperly and unsafely drove and collided into Plaintiff's vehicle.
91. A driver must not drive distracted.
92. Defendant Wood made an unsafe action and/or omission with the truck.
93. Defendant Wood made an unlawful action and/or omission with the truck.
94. Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, having due regard to the traffic, surface and width of the highway and any other conditions then existing.
95. No person shall drive any vehicle upon a highway at a speed greater than will permit the driver to bring it to a stop within the assured clear distance ahead.
96. Defendant Wood violated 47 O.S. Sec. 11-801.

97. Defendant Wood drove the truck in a careless and/or wanton manner without regard for the safety of persons or property and/or in violation of 47 O.S. Sec. 11-801.
98. Defendant Wood made an improper action and/or omission with the truck.
99. Defendant Wood violated 47 O.S. Sec. 11-901.
100. The operator of every vehicle, while driving, shall devote their full time and attention to such driving.
101. Defendant Wood violated 47 O.S. Sec. 11-901b.
102. Defendants were negligent *per se* and/or liable per *res ipsa loquitur* due to the violations and/or broken laws which directly caused injuries and damages to Plaintiff.
103. Defendant Wood is liable.
104. Defendant Wood is responsible.
105. Defendant Wood is accountable.
106. Defendant S&H Transportation and/or Doe(s) is/are liable.
107. Defendant S&H Transportation and/or Doe(s) is/are responsible.
108. Defendant S&H Transportation and/or Doe(s) is/are accountable.
109. As a direct result of the actions and/or omissions of Defendants, Plaintiff was injured and suffered damages.
110. Defendants breached duties owed to Plaintiff.
111. Defendants directly caused injuries and damages to Plaintiff.

WHEREFORE, Plaintiff prays for justice and judgment against Defendants in an amount in excess of $75,000, pre-judgment interest, post-judgment interest, attorney's fees, costs, expenses, punitive damages, and that this Court would deter wrongful conduct, promote safety, and grant any other relief which this Court deems just and proper. ATTORNEY FEE CLAIMED; JURY TRIAL DEMANDED; ATTORNEY LIEN CLAIMED; PRE & POST-JUDGMENT INTEREST.

Respectfully submitted,

John Paul Truskett, OBA # 20550
Samuel T. Perrine, OBA # 32165
Truskett Law Firm, P.L.L.C.
2202 E. 49th St., Ste. 400
Tulsa, OK 74105
(918) 392-5444
Fax: (918) 856-3676
john@truskettlaw.com