UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAURICIO SANCHEZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 20-CV-0374-CVE-SH |
| | ) |
| S&H TRANSPORTATION, INC., | ) |
| DENNIS D. WOOD, | ) |
| JOHN DOE, a business entity, | ) |
| JANE DOE, an individual, | ) |
| | ) |
| | ) |
| Defendants. | ) |

**OPINION AND ORDER**

Before the Court are defendant S&H Transportation, Inc.'s (S&H) motion for partial summary judgment (Dkt. # 42), plaintiff Mauricio Sanchez's response (Dkt. # 48), plaintiff's supplement to his response (Dkt. # 52), and S&H's reply (Dkt. # 57). This case arises from a collision between plaintiff's car and defendant Dennis D. Wood's 2000 Kenworth semi-truck pulling a trailer for defendant S&H. On July 6, 2020, plaintiff filed a petition in the District Court of Tulsa County, Oklahoma alleging numerous claims for relief against defendants S&H, Wood, John Doe, and Jane Doe, including negligence, negligent entrustment, and negligent hiring, training, supervision, and retention. Dkt. # 2-1. On July 30, 2020, defendants S&H and Wood removed the case to federal court pursuant to 28 U.S.C. §§ 1332 and 1441. On December 27, 2021, defendant S&H moved for partial summary judgment on the issues of negligent entrustment and negligent hiring, training, supervision, and retention. Dkt. # 42, at 1.

**I.**

The following facts are not in dispute: on January 6, 2019, while "driving within the course and scope of his employment with S&H[,]" defendant Wood "rear-ended [p]laintiff's vehicle" on U.S. Highway 169. Dkt. # 42, at 1-2; Dkt. # 48, at 8, 11. Wood was the owner/operator of the 2000 Kenworth semi-truck (Dkt. # 42, at 2; Dkt. # 48, at 8), which was pulling a trailer for S&H, and driving under S&H's U.S. Department of Transportation (DOT) authority. Dkt. # 48, 11; Dkt. # 57, at 2. On that day, plaintiff and Wood were both traveling southbound in the right lane on U.S. Highway 169, when Wood "drove his semi-tractor-trailer into the rear of [plaintiff's] vehicle" traveling at "approximately 69 miles per hour." Dkt. # 48, at 12; Dkt. # 57, at 2. "The impact caused [p]laintiff's vehicle to spin around several times, leave the roadway and [plaintiff's vehicle] caught fire and burned." Dkt. # 48, at 13; Dkt. # 57, at 2. Wood "agrees that [p]laintiff had the right-of-way at the time of the collision." Dkt. # 48, at 14; Dkt. # 57, at 4.

Wood "claims he was looking straight down the road[,]" his "vision was not obscured[,]" the road was "level, straight and dry[,]" and traffic was "pretty light[.]" Dkt. # 48, at 11; Dkt. # 57, at 2. Moreover, Wood "denies he was having any difficulties with his vision; denies using his phone at the time of the collision; and denies he was asleep at the time of the collision." Dkt. # 48, at 12; Dkt. # 57, at 2. In his deposition, Wood confirmed that "he did not see [plaintiff's] vehicle until he hit it . . . [and he] does not know why he didn't see [the] vehicle until immediately prior to the crash." Dkt. # 48, at 12; Dkt. # 57, at 2.

Although defendants have not produced any relevant driver's logs, Wood testified under oath that he was driving for two to three hours before the collision, and that he had slept six to eight hours before starting the drive. Dkt. # 48-1, at 16, 95. S&H submitted Wood's drug testing results,

performed less than 24 hours after the accident,[1] which confirm that Wood was negative for amphetamines, cocaine, opioids, phencyclidine, and marijuana. Dkt. # 57-2, at 1. Additionally, Wood testified that he had not had any alcohol within 48 hours of the collision. Dkt. #48-1, at 102-03.

At the time of the collision, Wood had a valid commercial driving license (CDL) and was "medically approved for professional driving." Dkt. # 42, at 2; Dkt. # 42-6, at 5-8 (DOT medical examiner's report); Dkt. # 48, at 10-11. One month prior to the collision, on December 4, 2018, Wood underwent a DOT medical evaluation for CDL certification. Dkt. # 42-6, at 5-8. The medical examiner noted that Wood had ear or hearing problems, high blood pressure, diabetes, a sleep disorder, and a body mass index (BMI) of 48.4.[2] Id. at 6-7. Notwithstanding, the examiner concluded that Wood's health conditions are well-controlled with medication, hearing aids, and a CPAP machine; Wood "[m]eets standards, but periodic monitoring required"; and the examiner medically certified Wood for one year for purposes of his CDL. Id. at 6, 8.

Prior to the collision, Wood had worked for S&H for nearly 30 years, except for a several month hiatus in 2015.[3] Dkt. # 57-1, at 17; Dkt. # 48, at 11. Moreover, Wood testified that he had

---

[1] The traffic collision report shows that the incident occurred at 4:30 a.m. on January 6, 2019, Dkt. # 42-1, at 2, and the drug testing results show that a urine sample was collected at 12 a.m. on January 7, 2019, Dkt. # 57-2, at 1.

[2] A BMI of 30.0 and above is considered obese. https://www.cdc.gov/healthyweight/assessing/bmi/adult_bmi/index.html.

[3] The Court notes that S&H denies that Wood worked for S&H for 30 years, Dkt. # 57, at 2; however, S&H's submitted evidence indicates that Wood worked at S&H from August 1991 until December 2015, and then from May 2015 on, including at the time of the collision. Dkt. # 57-1, at 16-17. S&H claims that it has been in business since 1994, not 1991, Dkt. # 57, at 2; even so, the record evidence shows that Wood worked for S&H for approximately 25-28 years.

been a truck driver for 40 years. Dkt. # 48-1, at 97. Documents submitted by S&H show that at the time that it re-hired Wood in 2015, S&H performed a criminal background check and social security number verification; verified the number of Federal Motor Carrier Safety Administration (FMCSA) reportable crashes (which was zero); verified Wood's employment history with his most recent previous employer, Frontier Leasing, Inc.; performed a drug test; performed a motor vehicle record (MVR) search; administered a road test (which Wood passed); confirmed that Wood received S&H's driver's manual; provided Wood with various policies, including log accuracy, prohibiting mobile phone use, and certain emergency procedures. Dkt. # 57-1, at 1-30. Moreover, S&H administered a written test regarding various policies and safety procedures, and submitted Wood's certificate of training, which included "[g]eneral safe operating procedures." Id. at 34-36. Finally, S&H submitted Wood's post-collision MVR, which indicates that prior to the January 6, 2019 incident, Wood had one moving violation (not in his professional capacity), and one traffic accident in his commercial vehicle, but no fault is indicated and it resulted in property damage only. Dkt. # 42-6, at 3.

## II.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). "[A] party may file a motion for summary judgment at any time until 30 days after the close of all discovery[,]" Fed. R. Civ. P. 56(b), including before any discovery has been conducted. "Movants for summary judgment bear the initial burden of demonstrating the absence of a genuine issue of material fact and

entitlement to judgment as a matter of law." Silverstein v. Federal Bureau of Prisons, 559 F. App'x. 739, 752 (10th Cir. 2014); see also Adler v. Wal–Mart Stores, Inc., 144 F.3d 664, 670-71 (10th Cir. 1998). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the [trier of fact] could reasonably find for the plaintiff." Anderson, 477 U.S. at 252. In essence, the inquiry for the Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id. at 250. In its review, the Court construes the record in the light most favorable to the party opposing summary judgment. Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III.

Defendant S&H moves for partial summary judgment on the following claims:

    *a.*    *Negligent Entrustment*

In his petition, plaintiff alleged that the "truck [d]efendant Wood was driving at the time of the collision was owned . . . and/or controlled by [d]efendant S&H[.]" Dkt. # 2-1, at 2. In his response to S&H's motion for partial summary judgment, plaintiff concedes that Wood is the owner/operator of the semi-truck that rear-ended plaintiff's vehicle. Dkt. # 48, at 8. Plaintiff--precluded from arguing that S&H entrusted the semi-truck to Wood--pivots his theory of liability and argues that S&H is liable for "entrusting an incompetent or unfit driver with the power to drive under [d]efendant S&H's [DOT] authority, where that driver causes injuries to another while operating under that authority." Id. at 9.

According to the Supreme Court of Oklahoma, unlike vicarious liability under a respondeat superior cause of action, negligent entrustment "is based on direct liability[.]" Fox v. Mize, 428 P.3d 314, 320 (Okla. 2018). "Negligent Entrustment requires proof that an individual supplies a chattel for the use of another whom the supplier knows or should know is likely to use the chattel in a way dangerous and likely to cause harm to others." Id. (internal quotations omitted). "Liability for negligent entrustment arises from the *act of entrustment*, not the relationship of the parties." Id. (quoting Sheffer v. Carolina Forge Co., L.L.C., 306 P.3d 544, 550 (Okla. 2013)) (emphasis in original).

Here, plaintiff must demonstrate that 1) S&H supplied a chattel to Wood, and 2) S&H knew or should have known that Wood was likely to use the chattel in a dangerous way likely to cause harm to others. The Court is highly skeptical that DOT authority is chattel within the meaning of a negligent entrustment claim.[4] Even if, assuming *arguendo*, that DOT authority is chattel, plaintiff's claim still fails, because he is unable to sufficiently show that S&H knew or should have known that entrusting its DOT authority to Wood was dangerous and likely to cause harm to others. Specifically, prior to the January 6, 2019 collision, Wood was medically cleared to drive pursuant to DOT standards, had a valid CDL, and his MVR shows an unremarkable traffic history--one traffic collision since 2015 in which he was not assigned fault. Moreover, there is no evidence to show that Wood was sleep deprived or exceeded his legal hours of service. Cf. Byrd v. Ace Am. Ins. Co., No.

---

[4] The Court notes that plaintiff presents no evidence or argument that the trailer, which Wood's semi-truck was pulling for S&H, was the chattel that S&H negligently entrusted to Wood. In his response to S&H's motion for partial summary judgment, plaintiff argues that the chattel that S&H negligently entrusted to Wood was its DOT authority only. See Dkt. # 48, at 9, 23. Accordingly, the Court will analyze plaintiff's negligent entrustment claim as to S&H's DOT authority only.

17-CV-0111-CVE-JFJ, 2018 WL 1569499, at *3 (N.D. Okla. Mar. 30, 2018) (noting that a finding of negligent entrustment could be supported where plaintiff came forward with evidence that a truck driver suffered from sleep apnea, notified his employer of his sleep apnea, and exceeded his legal hours of service). The Court finds that plaintiff has not submitted sufficient evidence from which a reasonable jury could find that S&H is liable for negligent entrustment. In other words, plaintiff has failed to produce evidence that shows S&H supplied chattel to Wood when it knew or should have known that Wood would use any such chattel in a dangerous way likely to cause harm to others. Therefore, the Court finds that defendant S&H's motion for partial summary judgment (Dkt. # 42) should be granted as to the negligent entrustment claim against it.

   b. *Negligent Hiring, Training, Supervision, and Retention*

According to Supreme Court of Oklahoma precedent, "[e]mployers may be held liable for negligence in hiring, supervising, or retaining an employee." Le v. Total Quality Logistics, LLC, 431 P.3d 366, 375 (Okla. Civ. App. 2018) (citing N.H. v. Presbyterian Church (U.S.A.), 998 P.2d 592, 600 (Okla. 1999)). Namely, "[a]n employer is found liable if the employer had reason to believe that the person would create an undue risk of harm to others. Employers are held liable for their prior knowledge of the servant's propensity to commit the very harm for which damages are sought." Id. "The critical element for recovery is the employer's prior knowledge of the servant's propensities to create the specific danger resulting in damage." Presbyterian Church, 998 P.2d at 600.

Here, the undisputed facts establish that Wood was a seasoned driver with over 30 years of experience; was certified by a DOT medical examiner; had a valid CDL; passed a drug screen before S&H re-hired him; had zero FMCSA-reportable crashes at the time of his 2015 hiring; received S&H's driver's manual; obtained S&H training certifications; and passed S&H's written quiz and

road test. Moreover, since S&H re-hired him in 2015, Wood had one accident while driving his commercial vehicle (prior to the January 6, 2019 collision), and Wood's MVR indicates that he was not at fault, which Wood corroborates in his sworn testimony, Dkt. # 48-1, at 107. In sum, plaintiff failed to present evidence that S&H had prior knowledge or a reason to believe that Wood would create an undue risk of harm to others. Thus, plaintiff is unable to make a sufficient showing from which a reasonable jury could find that S&H is liable for negligent hiring, training, supervision, and retention. Therefore, the Court finds that defendant S&H's motion for partial summary judgment (Dkt. # 42) should be granted as to plaintiff's negligent hiring, training, supervision, and retention claim against S&H.

**IT IS THEREFORE ORDERED** that defendant S&H Transportation, Inc.'s (S&H) motion for partial summary judgment (Dkt. # 42) is **granted** as to plaintiff's negligent entrustment and negligent hiring, training, supervision, and retention claims against defendant S&H.

**IT IS FURTHER ORDERED** that plaintiff is directed to show cause, **within 14 days**, as to why defendants John Doe and Jane Doe have not been served, and to show good cause as to why the Court should not dismiss this case as to those defendants.

**DATED** this 25th day of April, 2022.

*Claire V. Eagan*
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE